IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSE DEPAZ-LOPEZ                                                                            PLAINTIFF

v.                                                                   CIVIL ACTION NO. 5:15-cv-89-KS-MTP

CORRECTIONS CORPORATION
OF AMERICA, ET AL.                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION

THIS MATTER is before the Court on Plaintiff's Motion to Amend [34]. Having considered the Motion and the applicable law, the undersigned recommends that the Motion be DENIED. Additionally, the undersigned recommends that Defendant Adams County Health Service Department be DISMISSED with prejudice.

In his Complaint [1], Plaintiff named Adams County Health Service Department as a defendant. On June 13, 2016, Plaintiff filed the instant Motion [34], seeking to have this defendant substituted with Adams County Correctional Center (ACCC) Health Service Department. Plaintiff explains that he meant to sue the correctional center's health service department from the start.

Though leave to amend should be freely given when justice so requires, a grant of leave in not automatic. Leave may be denied for valid reasons. *Shivangi v. Dean Witter Reynolds, Inc.*, 825 F.2d 885, 890 (5th Cir. 1987). For example, courts need not grant leave to file a futile amended complaint. *Avatat Exploration, Inc. v. Chevron, U.S.A., Inc.*, 933 F.2d 314, 321 (5th Cir. 1991). An amendment is futile if the "amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Production Co., Inc.*, 234 F.3d 863, 873 (5th Cir. 2000).

1

It is well settled that a federal prison, or division thereof, is not a legal entity amenable to suit. *See Dahaney v. Gusman*, 2009 WL 1607915, at *3 (E.D. La. June 2, 2009) (citing several cases holding that a federal prison is not a proper party in a *Bivens* action); *Garcia v. Corr. Corp. of Am. Med. Dep't.*, 2011 WL 69335, at *1 (N.D. Ohio Feb. 18, 2011) ("A *Bivens* action therefore cannot be brought against a federal prison, the Bureau of Prisons, or the United States Government."); *see also Singh v. Gahn*, 2010 WL 4930330, at *1 (W.D. La. Oct. 21, 2010) (holding that a jail is not a legal entity capable of being sued under Section 1983). Accordingly, Plaintiff's allegations against Adams County Correctional Center, or its departments, fail to state a claim upon which relief could be granted. An amendment of Plaintiff's Complaint to add Adams County Correctional Center (ACCC) Health Service Department would be futile. Additionally, Plaintiff's existing claims against Defendant Adams County Health Service Department should be dismissed for failure to state a claim upon which relief could be granted.[1]

## RECOMMENDATIONS

The undersigned recommends that Plaintiff's Motion to Amend [34] be DENIED and that Defendant Adams County Health Service Department be DISMISSED with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of

---

[1] Plaintiff also filed suit against the operator of the prison, Corrections Corporation of America, as well as doctors and medical providers at the prison. This action should continue against these remaining defendants.

the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected.  *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

      THIS the 6th day of July, 2016.

                                      s/ Michael T. Parker
                                      United States Magistrate Judge