IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

JOSE DEPAZ-LOPEZ                                                                                      PLAINTIFF

v.                                                                           CIVIL ACTION NO. 5:15-cv-89-KS-MTP

CORRECTIONS CORPORATION OF AMERICA, ET AL.                       DEFENDANTS

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* to consider whether Plaintiff's claims should be dismissed for failure to state a claim and on Defendants' Motion for Partial Summary Judgment [30] and Motion for Summary Judgment [48]. Having considered the parties' submissions, the record, and the applicable law, the undersigned recommends that Plaintiff's claims for damages be DISMISSED for failure to state a claim, Defendants' Motion for Summary Judgment [48] be GRANTED, Defendants' Motion for Partial Summary Judgment [30] be DENIED, and this action be DISMISSED with prejudice.

### BACKGROUND

On September 15, 2015, Plaintiff Jose Depaz-Lopez, proceeding *pro se*, filed his complaint pursuant to *Bivens v. Six Unknown Named Agents of the Fed Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331. Plaintiff's claims arose while he was a post-conviction inmate at the Adams County Correctional Center ("ACCC") in Natchez, Mississippi, where he is currently incarcerated.[1] Plaintiff asserts claims against Defendants Corrections Corporation of

---

[1] In his complaint, Plaintiff asserts that he is bringing this action pursuant to 42 U.S.C. § 1983. However, the ACCC is a privately owned facility owned and operated by Corrections Corporation of America. The facility houses inmates on behalf of the Bureau of Prisons. Since neither a privately run correctional facility, operated under contract with the federal government, nor the facility's employees are state actors for the purposes of Section 1983, Plaintiff cannot

1

America ("CCA"), Jason Russell, Joseph Dimaria, Stacy Cook, and Mark Wood for their alleged failure to provide Plaintiff adequate medical care.[2]

First, Plaintiff claims that in January of 2014, he began experiencing abdominal pain, bloody stool, rectal bleeding, and fatigue. Allegedly, Plaintiff received treatment from Defendants Nurse Jason Russell,[3] Dr. Joseph Dimaria, and Dr. Mark Wood, but their treatment did not provide Plaintiff with the relief he desired. Defendants allegedly did not refer him to a gastroentrologist. Plaintiff also asserts that Defendant Stacy Cook examined him for rectal bleeding on February 24, 2015, but failed to schedule him an appointment with a doctor after she said she would.

Next, Plaintiff alleges that in January of 2014, he began experiencing testicular pain, fluid in his testicles, and painful urination. Allegedly, Plaintiff received treatment from Nurse Russell, Dr. Dimaria, and Dr. Wood, but their treatment did not provide Plaintiff with the relief he desired and Defendants did not refer him to a urologist.

Finally, Plaintiff alleges that in September of 2015, he began experiencing chest pain and rapid heart palpitations. Dr. Wood allegedly informed Plaintiff that his condition did not require special medical treatment, and no further treatment was provided.

---

maintain this action under Section 1983. Therefore, it appears Plaintiff is asserting his claims under *Bivens*. *See Brown v. Laughlin*, 2012 WL 1365221, at *2 (S.D. Miss. April 19, 2012).

[2] The parties appeared for a *Spears* hearing before the Court on May 26, 2016. Plaintiff was unable to communicate verbally with the Court, although he has been able to communicate proficiently in writing throughout the pendency of this action. For that reason, the hearing was cancelled and the Court entered an order which, *inter alia*, outlined Plaintiff's claims. *See* Order [33].

[3] Plaintiff identified Jason Russell as a doctor, but Plaintiff's medical records demonstrate that Russell is a registered nurse.

As relief, Plaintiff seeks compensatory and punitive damages. He also seeks injunctive relief in the form of an order requiring Defendants to take him to see a gastroenterologist and urologist and enjoining Defendants from harassing him. In their Motion for Partial Summary Judgment [30], Defendants argue that Plaintiff failed to exhausted his administrative remedies for all of his claims. In their Motion for Summary Judgment [48], Defendants argue that the they are entitled to judgment as a matter of law as Plaintiff has failed to demonstrate that they were deliberately indifferent to his medical needs.[4]

***Bivens* Claim**

Before addressing Defendants' Motions [30] [48], the undersigned finds that the Court should consider whether Plaintiff's *Bivens* claims should be dismissed for failure to state a claim. The Court may consider *sua sponte* whether a claim should be dismissed for failure to state a viable claim for relief. *See Shawnee Int'l. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984); *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Standard

In considering whether a plaintiff has stated a claim on which relief may be granted, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K . Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). However, "the tenet that

---

[4] On August 30, 2016, Plaintiff filed an affidavit and hundreds of pages of documents, which the Court will consider as evidence. *See* Affidavit [45]; Order [50]. Thereafter, Defendants filed their Motion for Summary Judgment [48]. On November 29, 2016, the Court afforded Plaintiff another opportunity to present any further argument or material in opposition to the Motion [48]. *See* Order [50]. On December 29, 2016, Plaintiff filed a Response [53] in opposition to the Motion [48].

a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co.*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

<u>Defendant CCA</u>

The Supreme Court has declined to extend *Bivens* to lawsuits against private entities acting under color of federal law. *Corr. Sers. Corp. v. Malesko*, 534 U.S. 61, 63 (2001). This is because *Bivens* only applies to individual officers. *Id*. at 70. Therefore, Plaintiff cannot maintain a *Bivens* action against CCA. The *Bivens* claim against CCA should be dismissed for failure to state a claim upon which relief may be granted.

<u>Individual Defendants</u>

The Supreme Court addressed the application of *Bivens* to a claim asserted by a federal prisoner seeking relief against individual employees of a private prison. *Minneci v. Pollard*,

—U.S.—, 132 S.Ct. 617 (2012).  In *Minneci*, the plaintiff was a federal inmate, housed at a facility operated by a private company, who sought relief against its employees for the deprivation of adequate medical care. *Id*. at 620.  The Supreme Court declined to extend *Bivens* in this situation, because the plaintiff could seek a remedy under state tort law. *Id*. at 623-26.  Specifically, the Court stated:

> [W]here . . . a federal prisoner seeks damages from privately employed personnel working at a privately operated federal prison, where the conduct allegedly amounts to a violation of the Eighth Amendment, and where that conduct is of a kind that typically falls within the scope of traditional state tort law (such as the conduct involving improper medical care at issue here), the prisoner must seek a remedy under state tort law.  We cannot imply a *Bivens* remedy in such a case.

*Id*. at 626.

The Court also noted that specific authority exists "in every one of the eight States where privately managed secure federal facilities are currently located," including Mississippi, "indicating that state law imposes general tort duties of reasonable care (including medical care) of prison employees." *Id*. at 624-25 (citing *Farmer v. State ex rel. Russell*, 79 So. 2d 528, 531 (Miss. 1955)).  Since Plaintiff's medical claims mirror the claims rejected in *Minneci*, he cannot maintain his *Bivens* medical claims against the individual employee Defendants.  Therefore, the *Bivens* claims against the employees should be dismissed for failure to state a claim.

*Request for Injunctive Relief*

In addition to damages, Plaintiff seeks injunctive relief in the form of an order requiring Defendants to take him to see a gastroenterologist and urologist and enjoining Defendants from harassing him.  Federal inmates may sue to enjoin prison officials from violating their constitutional rights. *See Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993); *see also Corr. Sers. Corp. v. Malesko*, 534 U.S. 61, 74 (2001) (distinguishing a *Bivens* remedy from a suit for

5

injunctive relief, which has "long been recognized as the proper means for preventing entities from acting unconstitutionally"). The Supreme Court's holding in *Minneci* does not preclude Plaintiff's request for injunctive relief. *See Hernandez v. Dixon*, 2012 WL 6839329, at **1-2 (N.D. Tex. Dec. 12, 2012). Accordingly, injunctive relief may be appropriate if it is determined that prison officials are acting unconstitutionally. In their Motion for Summary Judgment [48], Defendants argue that Plaintiff is not entitled to any relief, including injunctive relief.

Standard

Federal Rule of Civil Procedure 56 provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Where the burden of production at trial ultimately rests on the nonmovant, the movant must merely demonstrate an absence of evidentiary support in the record for the nonmovant's case." *Cuadra v. Houston Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010) (citation and internal quotation marks omitted). The nonmovant must then "come forward with specific facts showing that there is a genuine issue for trial." *Id.* "An issue is material if its resolution could affect the outcome of the action." *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010) (quoting *Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001)). "An issue is 'genuine' if the evidence is sufficient for a reasonable [fact-finder] to return a verdict for the nonmoving party." *Cuadra*, 626 F.3d at 812 (citation omitted).

The Court is not permitted to make credibility determinations or weigh the evidence. *Deville v. Marcantel*, 567 F.3d 156, 164 (5th Cir. 2009) (citing *Tuner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007)). When deciding whether a genuine fact issue exists,

"the court must view the facts and the inferences to be drawn therefrom in the light most favorable to the nonmoving party." *Sierra Club, Inc.*, 627 F.3d at 138. However, "[c]onclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002) (citation omitted). Summary judgment is mandatory "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Brown v. Offshore Specialty Fabricators, Inc.*, 663 F.3d 759, 766 (5th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

Gastroenterologist

Defendants specifically argue that summary judgment should be granted because Plaintiff was treated by a gastroenterologist. In support of their Motion [48], Defendants provided an affidavit from Neely Greene, a nurse at the ACCC. Nurse Greene states as follows:

> According to his medical file, Inmate Depaz-Lopez saw Dr. Stephen Keith, a gastroenterologist in McComb, Mississippi, on November 17, 2015. Following Dr. Keith's recommendation to ACCC, Inmate Depaz-Lopez had a CAT scan his abdomen and pelvis on January 13, 2016, which yielded a negative impression. He also returned to Dr. Keith on January 19, 2016 for an EGD, and on June 16, 2016 for a follow-up appointment.

*See* Affidavit [48-1]; *see also* Medical Records [48-2] at 12.

The record demonstrates that injunctive relief is not appropriate in this case. Plaintiff's claim is based on his allegations that Defendants refused to refer him to a gastroenterologist. Plaintiff was treated by a gastroenterologist after this action was filed. Therefore, his claim for injunctive relief is moot. *See Rocky v. King*, 900 F.2d 864, 866 (5th Cir. 1990) ("The mootness doctrine requires that the controversy posed by the plaintiff's compliant be 'live' not only at the

time the plaintiff files the complaint but also throughout the litigation process."), *see also Baker v. Wilkinson*, 635 F.Supp.2d 514, 516 (W.D. La. 2009) (holding that plaintiff's "request for injunctive relief (medical treatment) is now moot since he underwent" treatment).

Urologist

Plaintiff's allegations amount to claims against Defendants for violations of the Eighth Amendment. "Prison officials violate the constitutional proscription against cruel and unusual punishment when they are deliberately indifferent to a prisoner's serious medical needs, as doing so constitutes unnecessary and wanton infliction of pain." *Davidson v. Texas Dep't of Criminal Justice*, 91 Fed. App'x 963, 964 (5th Cir. 2004) (citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)). Deliberate indifference "is an extremely high standard to meet." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (quoting *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001)). The test for establishing deliberate indifference is "one of subjective recklessness as used in the criminal law." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A plaintiff must show that a defendant's "response indicate[d] that the [defendant] subjectively intended that harm occur." *Thompson v. Upshur County*, 245 F.3d 447, 458-59 (5th Cir. 2001).

An official is not deliberately indifferent unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Id*. at 838. Plaintiff must "submit evidence that prison officials 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any other similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Davidson*, 91 Fed. App'x at 965 (quoting *Domino*, 239 F.3d at 756). "[D]elay in medical care can only

constitute an Eighth Amendment violation if there has been deliberate indifference, which results in substantial harm." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 333-34 (1986). Plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978); *Irby v. Cole*, 2006 WL 2827551, at *7 (S.D. Miss. Sept. 25, 2006). Further, a prisoner's "disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 2001).

Plaintiff's medical records demonstrate that, while being incarcerated at ACCC, he received treatment for several medical issues, including urological issues. On February 3, 2014, Plaintiff submitted a sick call request, complaining of painful urination. [48-2] at 1. On February 6, 2014, Nurse Russell examined him. *Id*. On March 22, 2014, Dr. Larkin examined Plaintiff and noted that Plaintiff appeared to have epididymitis[5] of the right testicle. *Id*. at 2. Dr. Larkin requested a scrotal ultrasound, which was performed on April 21, 2014. *Id*. at 3-4. The ultrasound revealed the following: " 1) Testicles are normal in size with no mass identified. There is blood flow to both testicles with no evidence of testicular torsion. 2) Epididumides are unremarkable in appearance bilaterally. 3) There are small bilateral hydroceles." *Id*. at 4.[6]

---

[5] Epididymitis is inflamation of the epididymis, the elongated cordlike structure along the posterior border of the testis. Dorland's Illustrated Medical Dictionary 606-07 (29th ed. 2000).

[6] A hydrocele is a collection of fluid. Dorland's Illustrated Medical Dictionary 606-07 (29th ed. 2000).

9

On May 22, 2014, Plaintiff was sent to the emergency room after losing consciousness during a sick call examination. At the emergency room, medical professionals performed several diagnostic studies, including an ultrasound of Plaintiff's scrotum. The ultrasound revealed "small bilateral hydroceles." *Id*. at 5-6. The treating physician determined that Plaintiff's cardiac function should be evaluated further, but did not recommend any treatment for his urological issues. *Id*. According to Plaintiff, after he returned to ACCC, Defendants Dr. Dimaria, Russell, and Cook provided him more antibiotics and pain medication, performed blood and urine analyses, and performed an ultrasound. *See* Affidavit [45] at 5. Plaintiff also asserts that Dr. Dimaria perform a physical exam of his testicles on September 21, 2014, and informed him that the ultrasound "revealed water in my testes." *Id*. According to Plaintiff, Dr. Dimaria prescribed several medications. *Id*. at 6.

On October 23, 2014, Dr. Dimaria submitted a request for a consult with a urologist. [48-2] at 8. On January 21, 2015, Plaintiff was treated by a urologist in Vicksburg, Mississippi. *Id*. at 9.[7] The urologist diagnosed Plaintiff with epididymitis and prescribed antibiotics and oral pain medication. *See* Affidavit [48-1]. After Plaintiff returned to ACCC, the medical staff provided Plaintiff his medications. [45-15] at 6; [45-16] at 4.

On April 6, 2015, Plaintiff complained of pain in his testicles and kidneys, and on April 10, 2015, he was sent to Natchez Regional Medical Center for an evaluation. [45-20] at 6-9. At the hospital, a doctor diagnosed Plaintiff with gastritis and prescribed him an antacid and medication for nausea. *Id*. at 13-17.

---

[7] As Plaintiff was treated by a urologist *prior* to the commencement of this action, the undersigned does not recommend that his claim for injunctive relief concerning treatment by a urologist be denied as moot.

In order to succeed on his claim, Plaintiff must demonstrate that Defendants were deliberately indifferent to his serious medical needs. *See Davidson*, 91 Fed. App'x. at 964. Plaintiff has failed to make this showing. Plaintiff claims that Defendants provided him inadequate medical care, and Plaintiff requests that the Court order Defendants to take him to see a urologist. The evidence, however, does not demonstrate that Plaintiff received inadequate medical care or that Defendants' actions or inactions prevented Plaintiff from receiving adequate medical care. In fact, the evidence reveals that Defendants did take Plaintiff to see a urologist.

The record demonstrates that medical professionals at ACCC assessed Plaintiff's condition, monitored and treated his condition, scheduled him multiple appointments with outside medical professionals, and provided him multiple medications. The record demonstrates that Defendants were not deliberately indifferent to Plaintiff's serious medical needs. *See Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (holding that "[m]edical records or sick calls, examinations, diagnoses, and medication may rebut an inmate's allegations of deliberate indifference."). Plaintiff's claims amount to disagreement over the course of treatment. "Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs." *Norton*, 122 F.3d at 292. Because Plaintiff was receiving constitutionally adequate medical treatment, Plaintiff's claim for injunctive relief is without merit.

Harassment

To the extent Plaintiff requests that the Court enjoin Defendants from harassing him, this relief should be denied. Plaintiff has failed to demonstrate or even allege that Defendants

harassed him, must less that Defendants have violated his constitutional rights.[8] Accordingly, Defendants' Motion for Summary Judgment [48] should be granted and Plaintiff's request for injunctive relief should be denied.

### *State Law Claims*

To the extent Plaintiff brings State law claims, he does not invoke the Court's diversity jurisdiction. Therefore, any such claims should be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3).

### *Exhaustion of Administrative Remedies*

In their Motion for Partial Summary Judgment [30], Defendants argue that Plaintiff failed to exhaust his administrative remedies for certain claims. As Plaintiff's claims should be dismissed on summary judgment or for failure to state a claim, the undersigned recommends that the Motion [30] be denied as moot. However, if the Court finds that Plaintiff's claims should not be dismissed, the Motion should be denied on the merits.

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires prisoners to exhaust any available administrative remedies prior to filing suit under 42 U.S.C. § 1983 or "any other Federal law." Accordingly, federal prisoners filling suit under *Bivens* "must first exhaust inmate grievance procedures just as state prisoners must exhaust administrative processes prior to instituting a § 1983 suit." *Porter v. Nussel*, 534 U.S. 516, 524 (2002). "Whether a prisoner has exhausted administrative remedies is a mixed question of law and fact." *Dillon v. Rogers*,

---

[8] The Fifth Circuit has held that verbal abuse and harassment do not amount to an Eighth Amendment violation. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997); *Robertson v. Plano City of Texas*, 70 F.3d 21,24 (5th Cir. 1995); *Bender v. Brumley*, 1 F.3d 271, 274 n.4 (5th Cir. 1993).

596 F.3d 260, 266 (5th Cir. 2010). The Fifth Circuit has held that "[s]ince exhaustion is a threshold issue that courts must address to determine whether litigation is being conducted in the right forum at the right time, . . . judges may resolve factual disputes concerning exhaustion without the participation of a jury." *Id*. at 272. Because exhaustion is an affirmative defense, Defendants bear the burden of demonstrating that Plaintiff failed to exhaust available administrative remedies. *Id*. at 266.

Defendants assert that, in Plaintiff's grievances, he requested to be referred to an urologist but failed to request to be referred to a gastroenterologist. Defendants argue that all claims not directly related to the referral to an urologist must be dismissed for failure to exhaust administrative remedies. A "grievance must provide administrators with a fair opportunity under the circumstances to address the problem that will later form the basis of the suit . . . ." *Johnson v. Johnson*, 385 F.3d 503, 522 (5th Cir. 2004). In his grievance, Plaintiff complained about pain in his testicles and specifically stated that "I have been denied a reasonable request to see a urologist to evaluate my condition properly." *See* Grievance [30-2] at 5. Plaintiff, however, also complained about "pain on the bottom of my stomach with commensurate swelling [and] noticeable increase in the size of my stomach." [30-2] at 4. Plaintiff requested that a specialist assess his condition. *Id*. Additionally, a staff member noted that Plaintiff was "[r]equesting to see a specialist to determine cause of ongoing abdominal pain." *Id*. at 7. The allegations contained in Plaintiff's grievance were sufficient to put officials on notice of his claims that Defendants failed to provide him adequate medical care relating to his abdominal pain. Accordingly, if this Court determines that Plaintiff claims should not be dismissed on summary judgment or for failure to state a claim, Defendants' Motion [30] should be denied.

## RECOMMENDATION

Based on the foregoing reasons, the undersigned recommends that:

1. Plaintiff's claims for damages be DISMISSED with prejudice for failure to state a claim;

2. Defendants' Motion for Summary Judgment [48] be GRANTED and Plaintiff's claims for injunctive relief be DISMISSED with prejudice;

3. Defendants' Motion for Partial Summary Judgment [30] be DENIED as moot or, in the alternative, DENIED on the merits; and

4. Any State law claims be DISMISSED without prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

SO ORDERED this the 9th day of January, 2017.

s/ Michael T. Parker
United States Magistrate Judge